UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MWATI MCKENZIE,  CIVIL NO. 07-4441 (PAM/JSM)

    Plaintiff,

v.  REPORT AND RECOMMENDATION

JOAN FABIAN, Commissioner
of Corrections, et al.,

    Defendants.

The above matter came before the undersigned United States Magistrate Judge upon plaintiff's Motion to Voluntarily Dismiss Complaint [Docket No. 34].

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

**I.    BACKGROUND**

Plaintiff is currently confined at the Minnesota Correctional Facility – Oak Park Heights. Complaint, ¶ 3 [Docket No. 1].

The facts underlying this action are as follows: Plaintiff was convicted of first-degree murder of Minneapolis police officer Jerry Haaf in October 1993 and sentenced to life imprisonment. See State v. McKenzie, 532 N.W. 2d 210, 212 (Minn. 1995). On March 2, 2006, plaintiff filed a civil malpractice action against his criminal defense attorney. Complaint, Ex. L (Negligence and Legal Malpractice Complaint in the matter of McKenzie v. McGlennen, Case No. 27-CV-06-4832, Hennepin County District Court,

State of Minnesota).¹  On March 21, 2007, summary judgment was granted in favor of the defendant in the civil case, and plaintiff appealed the decision to the Minnesota Court of Appeals.  Complaint, Ex. A (Order of Minnesota Court of Appeals dated May 8, 2007 in the matter of McKenzie v. McGlennen, A07-857).

On August 2, 2007, the Minnesota Court of Appeals dismissed plaintiff's appeal of his state civil case.  Complaint, Ex. H (Letter from William Erhart to plaintiff dated August 6, 2007); Affidavit of Angela Behrens dated October 1, 2008, Ex. 8 (Order) [Docket No. 22].²  According to the appellate court, it had issued several orders giving plaintiff four extensions to file his appellant brief and a copy of the March 21 judgment. Behrens Aff., Ex. 8, pp.1-2.  When plaintiff had not filed his brief and a copy of the March 21 judgment by July 23, 2007, the court surmised that plaintiff had abandoned his appeal and dismissed the action.  Id., p. 2.

The gravamen of plaintiff's instant action is that his failure to timely file his submission the Minnesota Court of Appeals was caused by the defendants' adherence to Minnesota Department of Corrections ("MNDOC") mail policy 302.020 E.2(b) instituted on May 1, 2007, which did not allow Minnesota inmates to receive non-legal mail in envelopes that weighed more than 16 ounces.  See e.g. Complaint, Section 5,

---

¹   Although the case was filed in Hennepin County on March 2, 2006, the civil complaint attached to plaintiff's Complaint in this case is dated December 14, 2005. See Complaint, Ex. L.

²   The Affidavit of Angela Behrens, with its attachments, was submitted to the Court in connection with defendants' Motion for Summary Judgment.  However, as the Order of the Minnesota Court of Appeals is a matter of public record, the Court may take judicial notice of it.  See Stutzka v. McCarville, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (We "may take judicial notice of judicial opinions and public records.").

¶¶ B, 17.[3] According to plaintiff, his family had made arrangements to have his appellate briefs copied for him, had sent the briefs to him for him to send to the Court of Appeals, but pursuant to the mail policy, the mail room had rejected the mailings because they exceeded 16 ounces and sent them back to the sender. See Complaint, Exs. C - F, I, J (various kites and grievances filed by plaintiff and responses to these kites and grievances).

Plaintiff asserted that the denial of his right to receive legal documents or mail violated his rights under the Fourteenth Amendment because it constituted a denial of access to the courts, and that such conduct also violated the First Amendments of both the United States Constitution and the Minnesota Constitution. Complaint, p. 7. Plaintiff requested relief in the form of a declaration that the acts of the defendants violated his rights under the Constitution and laws of the United States, a preliminary and permanent injunction repealing MNDOC Directive 302.020 E.2(b), compensatory damages in the amount of $500 against each defendant jointly, and punitive damages against each defendant. Id., pp. 7-8.

---

[3] MNDOC Directive 302.020 E.2(b) provides:

> For security purposes, incoming mail is limited to 16 ounces per item to permit timely processing and thorough inspection. Items in excess of this limit will be returned to sender unopened with an explanation for the rejection.

Affidavit of Mary McComb dated September 30, 2007, Ex. 2 (Minnesota Department of Corrections Division Directive 302.020, effective May 1, 2007) [Docket No. 21]. Pursuant to this policy, "Legal mail" is defined as correspondence to or from court and court staff, attorneys and established groups of attorneys involved in the representation of offenders in judicial proceedings. Id., p. 1; see also Complaint, Ex. C (Offender Kite Form dated May 31, 2007 and response dated June 4, 2007 and Informal Grievance dated May 31, 2007), G (Memorandum from McComb to plaintiff dated June 19, 2007);

## II. FACTS BEARING ON MOTION

Plaintiff commenced this action on November 1, 2007 by filing a Complaint naming Joan Fabian, Lynn Dingle, and Mary McComb as defendants. On March 27, 2008, defendants filed an Answer to the Complaint. [Docket No. 12]. Fabian is the Commissioner of the MNDOC. Complaint, ¶ 4. Dingle was the Warden of the MNDOC's Stillwater correctional facility when the events alleged in the Complaint occurred and is now the Deputy Commissioner of the Facility Services Division of the Department of Corrections. Id., ¶ 5; Answer, ¶ 12. McComb is the Associate Warden of Administration. Complaint, ¶ 6. This action was brought against defendants in their individual capacities. Id., III. ¶ E.

On March 28, 2008, this Court issued a pretrial schedule order to govern this case. [Docket No. 14]. This Order set the deadline for all discovery for August 1, 2008, the deadline for nondispositive motions for September 1, 2008, and the deadline for the filing of dispositive motions for October 1, 2008. Id., pp. 1-2. As to dispositive motions, the parties were informed that any response to a dispositive motion had to be filed with the Court and served on the moving party within 20 days following service of the motion. Id., p. 2.

On October 1, 2008, defendants moved for summary judgment. Def. Motion for Summary Judgment [Docket No. 19]. That motion remains pending before this Court. On October 21, 2008, plaintiff moved for an extension of time to file and order compelling discovery. Pl. Mot. for Extension of Time and Order Compelling Discovery [Docket No. 25]. Plaintiff's reason for requesting the extension was that he did not receive defendants' summary judgment motion until October 3, 2008, that he was being

4

housed in the segregation unit until December 30, 2008, and that he had limited legal materials available to him and needed time to acquire them. Plaintiff requested 60 days from October 3, 2008, the date he received defendants' memorandum of law, to respond to the motion, and moved the Court for an order compelling defendants to produce material requested in a motion served on defendants on September 4, 2008. Id., p. 2. Defendants did not object to plaintiff's request for additional time to respond to their motion for summary judgment, but opposed his motion to compel on grounds that neither plaintiff's document requests nor his motion were timely, and he had failed to comply with Local Rule 37.1 requiring parties to a discovery dispute to confer to resolve discovery-related disputes before bringing a motion. Defs. Mem. Partially Opposing Pl. Mot. for Extension of Time and Order Compelling Discovery [Docket No. 26]. The Court granted plaintiff's request for additional time to respond to defendants' summary judgment motion, and gave plaintiff until December 23, 2008 to serve and file a response to this motion. See Order dated October 23, 2008 [Docket No. 27]. At the same time, the Court denied plaintiff's request for an order compelling defendants to respond to his document requests on grounds that no motion or documents were attached to the pleading, and neither his discovery requests nor his motion were timely. Id.

On December 22, 2008, plaintiff again moved for an extension of time to respond to defendants' motion for summary judgment. [Docket No. 30]. Plaintiff stated that he had completed his response and had sent it to his family to be copied; that his family had placed the copies in the mail to him on December 18, 2008, but he had not yet received them; and asked the Court to extend the deadline for ten to fifteen days. Pl.

5

Mot. for Extension of Time, pp. 1-2. The Court again granted the motion and ordered plaintiff to serve and file a response on or before January 5, 2009. See Order dated December 23, 2008 [Docket No. 31]. In that Order, the Court specifically stated that no further requests for extensions would be considered. Id.

Plaintiff never served or filed his response to defendants' motion for summary judgment, nor did he ever communicate with the Court again regarding any issues he was having with the service and filing of his response. Instead, on March 16, 2009, plaintiff filed the present motion, seeking to voluntarily dismiss this action without prejudice. Pl. Mot. to Dismiss [Docket No. 34]. In his motion, plaintiff explained that he had sent his response to defendants' motion for summary judgment outside the prison to be copied because he did not have funds to copy the response himself. Id., ¶ 4. When the copies of his response were sent back to the prison, mail room staff could not locate him and so they sent his mail back to the sender. Id., ¶ 5. In support of his explanation, plaintiff attached two kites and the responses to the kites. The first kite was dated December 27, 2008, with a response dated December 31, 2008. That kite and response indicated that plaintiff had been notified on December 27 that the envelopes containing his response had been sent back because in violation of policy, they were not correctly addressed to him – the envelopes had the wrong offender identification number and were addressed to "Pepi" and not his commitment name. Id. (attaching kite dated December 27, 2008 and response dated December 31, 2009).[4]

---

[4] MNDOC's mail policy requires that mail sent to an inmate must be addressed to his commitment name or department-recognized legal name and offender identification number (OID) only, along with the facility address. McComb Aff., Ex. 2, p. 2 (Minnesota Department of Corrections Division Directive 302.020, effective May 1, 2007) [Docket

On February 6, 2009, plaintiff appealed the first kite. In response to his complaint that he could have been located by his first, middle or last name, and that he should have been notified before his mail was sent back, plaintiff was informed that a prisoner's commitment name or legal name was required; that if the offender identification number was wrong, the items must be returned to the sender; and that MNDOC policy did not require the mail recipient to be notified that the items were being returned – only the sender had to be notified. Id., ¶ 6.

Plaintiff also indicated to the Court that his family had sent his response to defendants' summary judgment motion through the U.S. Post Office and it has been lost. Id., ¶ 6.[5] Plaintiff stated that he was attempting to locate the mail and that he wished to voluntarily dismiss the action without prejudice and re-file the Complaint at a later date. Id., ¶ 7.[6]

On March 30, 2009, defendants filed a memorandum opposing plaintiff's motion for voluntary dismissal without prejudice, arguing that he had not met the requirements for a voluntary dismissal at this juncture of the case. See Defs.' Opp. Mem. [Docket No.

---

No. 21]. MNDOC Directive 302.020 E.2(a) states that incoming mail must be addressed to the offender's authorized address or it will be returned to the sender. Id., p. 3.

[5] Plaintiff did not state when the response was sent or to whom the response was sent. Thus, the Court does not know if the response was sent back to him, or the Court and defendants.

[6] Plaintiff stated that he is still paying for the filing fees in this action, and wishes to pursue it. Pl. Mot. to Dismiss, p. 1 n. 1. The Court notes that even if the case were dismissed without prejudice and plaintiff were allowed to re-file, plaintiff would still be required to pay the filing fees for the newly filed case – the filing fees from the dismissed case could not be applied to plaintiff's new case. 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee…").

36]. Defendants did not oppose a final extension for plaintiff to respond to the summary judgment motion. Id., p. 5.

## III. DISCUSSION

Rule 41(a) of the Federal Rules of Civil Procedure governs voluntary dismissal of actions, and states as follows:

> (a) Voluntary Dismissal.
> (1) By the Plaintiff.
> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

As such, because defendants have served a response and filed for summary judgment in this case, plaintiff may not voluntarily dismiss the action without a court order. See Safeguard Business Systems, Inc. v. Hoeffel, 907 F.2d 861, 863 (8th Cir. 1990) ("Rule 41 provides that the plaintiff loses the right [to dismiss voluntarily] when an answer or a motion for summary judgment is filed.").

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987). In determining whether to grant a plaintiff's motion for voluntary dismissal, factors to be considered include: "(1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant." Paulucci, 826 F.2d at 783; see also Beavers v. Bretherick, 227 Fed.Appx. 518, 520 (8th Cir. 2007) (same); Cahalan v. Rohan, 423 F.3d 815, 818 (8th Cir. 2005) (citing Hamm v. Rhone-Poulence Rorer Pharms., Inc., 187 F.3d 941, 950 (8th Cir. 1999) ("The decision to grant a voluntary dismissal is left to the discretion of the district court, based on its evaluation of factors such as the reasons for seeking the dismissal, whether the result would be a waste of judicial time and effort, and whether the dismissal will prejudice the defendants."). "A party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." Cahalan, 423 F.3d at 818 (citing Hamm, 187 F.3d at 950).

In their opposition, defendants contended dismissal was not warranted because plaintiff has not been diligent in pursuing this litigation, has not provided the Court with a proper explanation warranting dismissal, and they would be prejudiced if the dismissal was granted and plaintiff then proceeded to institute another action, as he has promised to do. Def. Mem., pp. 3-4.

This Court finds that plaintiff's motion to dismiss should be denied. Plaintiff has asked for and received two separate filing extensions, the last of which was set for January 5, 2009. Yet, plaintiff has give no reason for waiting until March 16, 2009, more

9

than two months after the deadline for service and filing of his summary judgment response, to bring this issue to the Court's attention. Furthermore, plaintiff was informed by personnel at Oak Park Heights prison on December 27, 2008, that his response had been returned to the sender, giving him nine days to rectify the situation. Nevertheless, plaintiff failed to explain why the mail was not re-sent to him using his correct name and offender identification number after it was returned to the sender so that he could then timely send it to the Court and defendants, or why the individuals who sent plaintiff the copies of his response could not have instead served and filed the response for him by January 5, 2009. Accordingly, the Court finds that there has been excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action.

Regarding defendants' effort and the expense, this case has been pending for over a year, and defendants have actively defended against it. Were plaintiff to be permitted to simply file the same suit again, and get another bite of the proverbial apple, defendants would be put through twice the time and expense of defending against plaintiff's charges, and would lose the benefit of the rulings they have already obtained to date.[7] To that end, dismissing the case would also result in wasted judicial time and effort. Plaintiff's motion appears to be nothing more than an effort to avoid an adverse decision on defendants' motion for summary judgment.

In summary, taking into account the factors bearing on a motion for voluntary dismissal, the Court finds that plaintiff has not offered sufficient reason or explanation

---

[7] As previously discussed, this Court denied plaintiff's motion to compel discovery because he had failed to timely serve the discovery on defendants and had failed to timely pursue the motion to compel.

for seeking a dismissal of his case at this time, and that to grant the dismissal would prejudice defendants. Accordingly, plaintiff's motion to dismiss without prejudice should be denied.

That said, the Court concludes that proceeding ahead with defendants' summary judgment motion without the benefit of plaintiff's response will not ultimately serve the ends of justice. Ultimately, courts desire to have actions decided on their merits, and not based on the missteps of a pro se plaintiff. Plaintiff has represented to this Court and defendants that he had completed his response to defendants' motion, and that he was prepared to serve and file it when he ran into various issues with the mail. Taking plaintiff at his word, the Court will give him one more chance to serve and file that response. Therefore, it will give him until July 3, 2009, to serve and file his response to defendants' summary judgment motion. If he does not meet this deadline and serve and file his response, this Court will have no choice but to conclude that he does not oppose defendants' summary judgment motion and is no longer interested in pursuing this action.

## **RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that:

1. Plaintiff's Motion to Voluntarily Dismiss Complaint [Docket No. 34] be DENIED.

2. Plaintiff shall serve on defendants and file with the Court his response to defendants' summary judgment motion on or before July 3, 2009.

Dated:       June 9, 2009

                                      *s/ Janie S. Mayeron*
                                      JANIE S. MAYERON
                                      United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 26, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.